IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID PAUL BICKFORD, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. MJM-24-2863 |
| JUDGE LAURA RIPKEN, | * | |
| Defendant. | * | |

\* \* \* \* \*

## MEMORANDUM

On October 1, 2024, self-represented plaintiff David Paul Bickford ("Plaintiff") filed the above-captioned civil rights complaint together with a Motion to Proceed in Forma Pauperis. ECF Nos. 1, 2. Plaintiff alleges that defendant Laura Ripken, Judge of the Appellate Court of Maryland, violated his Constitutional rights via her rulings in his state criminal case. ECF No. 1 at 3. Plaintiff's Motion to Proceed in Forma Pauperis shall be granted, but, for reasons stated below, the Complaint will be dismissed.

Title 42, United States Code, Section 1983 provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Defendant Judge Laura Ripken is Maryland state judge who Plaintiff is suing for decisions made in her capacity as a judge. The underlying cause of action in this case cannot be maintained because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226–27 (1988) ("If judges were personally liable for erroneous decisions, the resulting

avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages but also protects a judge from damages suits entirely. *Id.* at 11. An act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'" *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 355–56; *see also Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly). As such, Plaintiff's claims against Defendant Ripken cannot proceed.

Furthermore, this Court has no authority to grant the relief requested by Plaintiff, who asks that his state criminal case be remanded to the Maryland appellate court. ECF No. 1 at 5–6. "[D]istrict courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. While a federal district court can compel an officer or employee of the United States or its agencies to perform a duty, it has no mandamus jurisdiction over state employees and cannot compel the Maryland state courts to remand his criminal case. *See, e.g.*, *Gurley v. Super. Ct. of Mecklenburg Cty.*, 411 F.2d 586-87 (4th Cir. 1969).

This Court is mindful of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989). In evaluating such a complaint, the factual allegations are assumed

2

to be true. *Id*. at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

"[F]rivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee." *Smith v. Kagan*, 616 F.App'x 90 (4th Cir. 2015); *see also Chong Su Yi v. Soc. Sec. Admin.*, 554 F.App'x 247, 248 (4th Cir. 2014) (same); *Ross v. Baron*, 493 F.App'x 405, 406 (4th Cir. 2012) (same). In addition, "dismissal prior to service of process is permissible when a court lacks subject matter jurisdiction over a patently frivolous complaint." *Smith*, 616 F.App'x at 90; *Chong Su Yi*, 554 F.App'x at 248 (same); *Ross*, 493 F.App'x at 406 (same). An example of a frivolous claim subject to dismissal is one with an "indisputably meritless legal theory" such as where "defendants are immune from suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (citing *Williams v. Goldsmith*, 701 F.2d 603 (7th Cir. 1983) (civil rights action based on alleged unconstitutional search and seizure was frivolous where all defendants were absolutely immune from suit)).

Defendant Ripken is immune from suit under the doctrine of judicial immunity. Furthermore, this Court has no authority to issue a writ of mandamus requiring any action on the part of the Maryland state courts. As such, the Complaint will be dismissed without prejudice.[1]

A separate Order follows.

__12/30/24___                                             _____/S/_____
Date                                                              Matthew J. Maddox
                                                                  United States District Judge

---

[1] Notably, Plaintiff previously filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court wherein he raised the same or similar claims regarding his criminal conviction, which was denied. *See Bickford v. Warden*, Civil Action No. GLR-21-1561 (D. Md.).